IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OBRA LONDON, #02140765,<br>   PETITIONER,<br><br>V.<br><br>LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION DIV.,<br>   RESPONDENT. | § § § § § § § § § § § §  CIVIL CASE NO. 3:19-CV-502-B-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Obra London's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including issuance of findings and a recommended disposition. As detailed here, the habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I.    BACKGROUND**

On June 1, 2017, London pled guilty to aggravated robbery and was sentenced to 40 years' imprisonment. *London v. State*, No. F1576581 (195th Jud. Dist. Ct., Dallas Cty., Tex., June 1, 2017); Doc. 3 at 2-3.[1] He did not pursue a direct appeal and his first federal habeas petition was subsequently dismissed for want of prosecution. *London v. Davis*, No. 3:17-CV-

---

[1] The trial court docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Oct. 16, 2019).

1658-L-BH (N.D. Tex. Oct. 20, 2017).  Thereafter, London unsuccessfully sought state habeas relief.  *Ex parte London*, No. WR-88,196-01 (Tex. Crim. App. Apr. 11, 2018).[2]

On February 27, 2019, London filed his *pro se* federal habeas petition in the instant case. Doc. 3 at 11-18.  As his federal petition appeared untimely, the Court directed London to respond regarding the application of the one-year limitations period.  Doc. 11.  As of the date of this recommendation, however, he has failed to respond to the Court's order.  That notwithstanding, a review of the petition reveals it is barred by the applicable statute of limitations.

## II.  ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  London does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A) (providing state prisoner one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because London did not pursue a direct appeal, his conviction became final on July 1, 2017—30 days after the June 1, 2017 judgment.  *See* TEX. R. APP. P. 26.2(a)(1).  Moreover, his

---

[2] The Court of Criminal Appeals docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-88,196-01&coa=coscca (last visited on November 12, 2019).

first federal petition did not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action). Thus, when London's state habeas application was deemed filed on January 22, 2018, 205 days of the one-year limitations period had already elapsed.[3] The state application remained pending until its denial on April 11, 2018, statutorily tolling the federal limitations period during its pendency. 28 U.S.C. § 2244(d)(2) (providing statutory tolling during pendency of properly filed state application). The one-year federal limitations period resumed running on April 12, 2018, and elapsed 160 days later, on September 19, 2018. Consequently, the petition *sub judice*, deemed filed on December 6, 2018[4], is clearly outside the one-year limitations period, absent equitable tolling.

### B. Equitable Tolling

London's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case

---

[3] The state application is deemed filed on January 22, 2018, the date on which London indicated it was signed and (presumably) handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *see also Ex parte London*, No. W1576581A, *Application for Writ* (195 Jud. Dist. Ct., Dallas Cty., Tex., filed Feb. 5, 2018), available at http://courtecom.dallascounty.org/publicaccess/ (last visited Oct. 16, 2019).

[4] London's federal petition is deemed filed on December 6, 2018, the date he certified placing it in the prison mail system. Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

omitted)). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which London pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He waited more than six months from the date his conviction became final to file his state habeas application and delayed more than seven months after his state application was denied before submitting his federal petition for mailing. Moreover, London's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, London has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on November 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).